## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SYLVESTER LEWIS SMITH, III, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-00641-MTS |
| ) | |
| JUDGE MATTHEW HILL HEARNE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Sylvester Lewis Smith, III's Motion for Temporary Restraining Order, Doc. [2].

To decide whether to issue a temporary restraining order in this case, the Court must weigh the following factors: (1) the movant's probability or likelihood of success on the merits, (2) the threat of irreparable harm or injury to the movant absent the injunction, (3) the balance between the harm to the movant and the harm that the injunction's issuance would inflict on other interested parties, and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Here, Plaintiff plainly has failed to demonstrate a temporary restraining order is appropriate.[1]

First, Plaintiff failed to provide any analysis whatsoever demonstrating that any of his harm would be irreparable—that is, that he would have no remedy at law. *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). But a party moving for a temporary restraining order is required to show the threat of irreparable harm. *See Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994). Because Plaintiff has not shown how or why any of his injuries could not be fully compensated through an award of damages, his Motion must

---

[1] Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

fail. *See Bandag, Inc. v. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir. 1999) (explaining the basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies).

Second, Plaintiff has not explained how he has even a fair chance of success on the merits. Nowhere in the Motion for Temporary Restraining Order does Plaintiff indicate how, or even on which claims, he has a likelihood of success. Therefore, even if Plaintiff established any harm would be irreparable—which he has not done—a temporary restraining order would not be proper here because he has not in any way shown a likelihood of success on the merits.

Accordingly, even assuming the Court has subject matter jurisdiction here and should not abstain in this case,[2] Plaintiff has failed to meet his burden of establishing the propriety of a temporary restraining order.

**IT IS HEREBY ORDERED** that Plaintiff Sylvester Lewis Smith, III's Motion for Temporary Restraining Order, Doc. [2], is **DENIED**.

**IT IS FURTHER ORDERED** that the Emergency Motion for Hearing, Doc. [7], is **DENIED** at moot.

Dated this 15th day of May 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] *See, e.g.*, 28 U.S.C. § 2283; *Mitchum v. Foster*, 407 U.S. 225, 243 (1972) ("We do not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.").