UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SYLVESTER LEWIS SMITH, III, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23-cv-641-MTS |
| MATTHEW HILL HEARNE, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Joan Gilmer's Motions to Dismiss, Doc. [10], the Complaint, Doc. [1], of *pro se* Plaintiff Sylvester Smith, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff asserts violations of his Fifth Amendment rights under the United States Constitution, Doc. [1] at 3, against Defendant Gilmer, Circuit Clerk for the Twenty-First Judicial Circuit for the State of Missouri, arising out of actions taken in a Missouri state court case related to a parcel of property in St. Louis County.[1]  Defendant Gilmer argues Plaintiff's claims should be dismissed for failure to state a claim and are also barred by sovereign immunity, official immunity, qualified immunity, and the public duty doctrine.  For the reasons that follow, the Court grants Defendant Gilmer's Motion.

**Standard**

Plaintiff proceeds in this action *pro se*, which requires the Court to give liberal construction to his Complaint.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  "But liberal construction does not mean that [the Court will] supply missing facts to a plaintiff's allegations or ignore a plaintiff's failure to allege facts setting forth a cognizable claim."  *Jordan-A ex rel. Crawford v.*

---

[1] Plaintiff also alleges claims against the Honorable Judge Matthew Hearne, Associate Circuit Judge for the Twenty-First Judicial Circuit for the State of Missouri.

1

*United States*, 4:22-cv-783-CDP, 2022 WL 3576162, at *2 (E.D. Mo. Aug. 19, 2022) (citing *Stone v. Harry*, 364 F.3d 912 (8th Cir. 2004)).  A *pro se* plaintiff must still state a claim for relief, Fed. R. Civ. P. 12(b)(6), 8(a), and his complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and makes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).  Even so, the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## Discussion

Plaintiff alleges Defendant Gilmer violated his Fifth Amendment rights without delineating any specific allegations as to how Defendant Gilmer violated his rights.[2]  Even applying a liberal reading of Plaintiff's Complaint, Plaintiff does not assert a sufficient factual basis to show Defendant Gilmer violated his constitutional rights or committed any due process violations.  The Court also concludes that allowing Plaintiff to amend his Complaint would be futile.[3]  *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) ("Denial of a motion for leave to amend on the basis of

---

[2] The only allegations Plaintiff makes is that "[t]he trial court denied plaintiff a trial by jury and due process by failing to file plaintiff's appeal when filed by plaintiff. The court and sheriff are appearing to move forward, despite the badges of fraud in the lower court."  Doc. [1] at 7.

[3] Plaintiff devotes an entire portion of his Opposition brief titled "clarity of complaint," seeking to interject several new allegations that are not present in the Complaint.  Doc. [15] 3–7.  Even considering those "clarifications," none would revive his claims.

futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)); *see also Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 759–65 (8th Cir. 2019) (discussing judicial immunity); *Hamilton v. City of Hayti*, 948 F.3d 921, 925–29 (8th Cir. 2020) (judicial immunity for judge and clerk); *Courthouse News Serv. v. Gilmer*, 48 F.4th 908, 911–13 (8th Cir. 2022) (discussing when sovereign immunity bars suits against state court clerk).

## Conclusion

For all the foregoing reasons, Plaintiff's claims against Defendant Gilmer are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Because, for the same reasons, Plaintiff's Complaint fails to state any claim against Defendant "Matthew Hill Hearne solely as Associate Circuit Judge," the Court will dismiss the action against him also. *See Bucklew v. Lombardi*, 783 F.3d 1120, 1127 (8th Cir. 2015) (en banc) ("Without question, a district court has the power to dismiss a complaint *sua sponte,* but only where plaintiff cannot possibly prevail and amendment would be futile."); *Mildfelt v. Cir. Ct. of Jackson Cnty.*, 827 F.2d 343, 345 (8th Cir. 1987) (per curiam) ("A district court has the power to sua sponte dismiss a complaint for failure to state a claim."). A separate Order dismissing this action will be filed herewith.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gilmer's Motion to Dismiss, Doc. [10], is **GRANTED**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th of September, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

3